IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RICARDO RAY ANGUIANO,

        Plaintiff,

v.

        Case No. 26-CV-166-JFH-JAR

ASHLY KETCHER, et al.,

        Defendants.

## ORDER

Plaintiff Ricardo Ray Anguiano ("Plaintiff"), a self-represented pretrial detainee, brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Dkt. No. 1.  This matter is before the Court for preliminary screening of his Complaint.  For the following reasons, the Court finds Plaintiff has failed to state a plausible claim for relief.

District courts must screen civil complaints filed by prisoners seeking redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  A court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  In determining whether dismissal is appropriate, a court must "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Alvarado v. KOB TV, LLC*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  While the Court must liberally construe a complaint drafted by a self-represented plaintiff, the rule of liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff is a pretrial detainee confined at the Cherokee County Detention Center ("CCDC") in Tahlequah, Oklahoma. Dkt. No. 1, at 2. In his Complaint, Plaintiff raises two claims for relief and names as defendants CCDC "Supervisor" Ashly Ketcher and CCDC "Jailer" Ralph Tucker, as well as "others" whose names are unknown to him. *Id.* at 1. As his requested relief, Plaintiff states that he "want[s] to sue the county jail for [$]150,000."[1] *Id.* at 7.

Plaintiff first alleges: "I was told by Ashly Ketcher and Ralph Tucker to remove our oranges and wrap our blankets around us so they could do laundry. If we didn't we would have been put on lock down." Dkt. No. 1 at 5. Plaintiff does not specifically allege an injury in relation to this claim. Insofar as Plaintiff's claim is predicated on a mental or emotional injury, the claim is precluded by section 1997e(e) of the Prison Litigation Reform Act, which provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)." 42 U.S.C. § 1997e(e); *see Milledge v. McCall*, 43 F. App'x 196, 197-99 (10th Cir. 2002). Further, while a pretrial detainee "can state a Fourteenth Amendment claim by alleging facts supporting the inference that 'the exposure of [his] body was 'not rationally related to a legitimate governmental objective or was excessive in relation to that purpose,'" Plaintiff has not done so here. *Griffith v. El Paso Cnty., Colo.*, 129 F.4th 790, 824 (10th Cir. 2025) (alteration and internal quotation marks omitted). The alleged actions of Defendants Ketcher and Tucker relate to the penological interest of maintaining a sanitary environment, *see Hudson v. Palmer*, 468 U.S. 517,

---

[1]  Plaintiff did not name the Cherokee County Detention Center as a defendant in this action. Regardless, a detention facility is not a proper defendant in a § 1983 action. *See, e.g.*, *Galbraith v. Garfield Cnty. Jail*, No. CIV-26-301-J, 2026 WL 1256441, at *2 (W.D. Okla. May 7, 2026) (explaining that "a detention center in Oklahoma, as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law" and therefore "cannot be sued").

527 (1984), and Plaintiff has not plausibly alleged excessive exposure of his body in relation to that purpose.

As his second claim for relief, Plaintiff alleges: "When we ask for clean blankets and towels we was [sic] denied for over a month and a toilet brush and spray bottle to clean that we never rec[e]ived and there[']s no running water in our cells." Dkt. No. 1 at 5. Plaintiff, however, has not alleged the personal involvement of any defendant in relation to this claim. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, in the context of § 1983 cases, it is "particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphases in original); *see also Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (explaining that supervisory liability requires "an 'affirmative link' between the supervisor and the constitutional violation" (internal quotation marks omitted)). Because Plaintiff's allegations fail to address what actions each defendant personally took in the alleged deprivation, this claim likewise fails.

For these reasons, the Court finds Plaintiff has failed to state a plausible claim for relief and his Complaint is subject to dismissal. However, because Plaintiff appears without counsel, the Court will permit him to file an amended complaint to the extent he can cure the noted deficiencies. *See Hall*, 935 F.2d at 1109-10. If Plaintiff chooses to amend his pleading, he must do so on the court-approved form, within twenty-one (21) days of this Order. Failure to submit an amended complaint by that date will result in the dismissal of this action without prejudice and without further notice.

IT IS THEREFORE ORDERED that the Complaint [Dkt. No. 1] is DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.  Plaintiff may file an amended complaint on the Court's approved form within twenty-one (21) days of this Order.

Dated this 22nd day of June, 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE

4